# THE COUNTY COMMISSIONERS OF DORCHESTER COUNTY

## *vs.*

## WILLIAM E. WRIGHT.

*Accident at Drawbridge—Contributory Negligence—Passenger in Automobile.*

In an action for injuries caused by falling through an open draw on a bridge at night, *held* that, in view of the conflict of evidence as to whether the lights required for the protection of travellers on the bridge were extinguished at the time, the question of primary negligence was for the jury.           p. 578

One who drives an automobile at accelerating speed over a drawbridge with which he is familiar, in the absence of the customary signal lights showing whether the draw is open or closed, is guilty of negligence.           p. 579

The negligence of the driver of an automobile, who is operating it as its owner and not as the agent or employee of a passenger therein, is not imputable to the latter.           p. 580

Whether a passenger on the rear seat of a covered automobile, where his view was restricted by the top and curtains, was negligent in failing to notice that the signal lights at the top of a drawbridge were not displayed, or in failing to anticipate an accident as the result of an open draw, and to intervene to prevent it, *held* a question for the jury.           . p. 580

*Decided June 27th, 1921.*

Appeal from the Circuit Court of Wicomico County (DUER and BAILEY, JJ.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, ADKINS, and OFFUTT, JJ.

*V. Calvin Trice* and *Frederick W. C. Webb,* with whom were *Daniel P. Willis* and *Woodcoch Webb* on the brief, for the appellant.

*Henry R. Lewis* and *J. Owen Knotts,* with whom were *F. Leonard Wailes* and *Lewis & Knotts* on the brief, for the appellee.

URNER, J., delivered the opinion of the court.

The appellee was one of the occupants of a Ford automobile which fell through on open draw in a bridge maintained by the appellants over Cambridge Creek in the City of Cambridge. For his personal injuries, thus occasioned, he recovered the judgment which is the basis of this appeal. The only bill of exceptions in the record is concerned with the rulings on the prayers.

The accident occurred at night. It was testified by the appellee, who occupied a rear seat in the automobile, and by George Ricketts, the owner of the car, who was driving it at the time, that there were no lights then observable anywhere on the bridge, and no warnings of any kind were given as to the condition of the draw, and that they did not see the opening into which they fell. According to the testimony offered by the appellants the approaches to the draw were brightly illuminated by two electric arc lamps when the accident happened, and there were red signal lights displayed on the drawbridge, indicating that it was open for the passage of vessels. In view of the conflict of the evidence as to whether the lights required for the protection of travelers on the bridge were in fact extinguished as the draw was being operated on the occasion referred to, the question of primary negligence could not properly have been withdrawn from the jury.

The most important question in the case is whether a verdict should have been directed for the appellants on the ground of contributory negligence. If the appellee had been in the position of the driver of the automobile, it would seem clear that his own negligence had contributed to his misfortune.

The car was driven forward on the bridge, at accelerating speed, in spite of the fact, to which Ricketts, the driver, testified, that no signal lights were visible showing whether the draw was open or closed. The occupants of the automobile were familiar with the bridge and the system of lights by which the condition of the draw was intended to be revealed. If the draw was open, red lights were displayed to travelers on the bridge, and if it was closed, the lights appeared green. As the automobile approached the draw it was moving, as Ricketts testified, at the rate of four or five miles an hour, and he had begun to increase its speed just before the car plunged into the creek. The headlights of the automobile should have enabled the driver to see some distance in advance, and if he had been as watchful and careful as the conditions demanded, he ought to have seen the open draw and stopped his car in time to avoid the accident. It was certainly not an act of ordinary prudence to proceed merely on the assumption that the draw was closed, if the customary signal lights were not there to assure him that the way was safe. But the lights were in elevated positions, twenty and thirty feet above the floor of the bridge, and the appellee was on the rear seat of the car, where his view was restricted by the top and curtains. Whether, being thus situated, his failure to anticipate the accident and intervene to prevent it was contributory negligence as a matter of law is the question to be determined.

The negligence of the driver was not imputable to the appellee, as the former was operating the car as its owner and not as the appellee's agent or employee. For some days preceding the accident Ricketts had been employed by the appellee in the work of gathering holly. They both lived near Federalsburg, and prior to the day of the accident the appellee had used his own car in taking Ricketts and others to the place where the holly was being gathered. On that day the appellee's car was not in a condition to be driven, and Ricketts used his car in order that he might be able to return home at night. He was paid nothing for the use of the car, his

only compensation being for his day's labor. There is nothing in the testimony to show that the appellee was traveling in the car in any capacity that gave him the right to direct or control its operation. The proof indicates that he was accompanying the owner as a guest. The case is, therefore, within the rule, which this Court has repeatedly applied, that "the contributory negligence of a carrier, or of the driver of a public or private vehicle, not owned or controlled by the passenger, and who is himself without fault, will not constitute a bar to the right of the passenger to recover for injuries received." *P., B. & W. R. R. Co.* v. *Hogeland,* 66 Md. 163; *B. & O. R. R. Co.* v. *Strunz,* 79 Md. 343; *United Rys. Co.* v. *Biedler,* 98 Md. 574; *United Rys. & Elec. Co.* v. *Crain,* 123 Md. 332; *B. & O. R. R. Co.* v. *McCabe,* 133 Md. 219; *W., B. & A. R. Co.* v. *State, use of Hall,* 136 Md. 109; *McAdoo* v. *State, use of Kuntzman,* 136 Md. 452; *Chiswell* v. *Nichols,* 137 Md. 291.

But independently of the question as to the driver's failure to exercise due care is the issue as to whether the appellee was also negligent in not observing the danger and endeavoring to avoid injury by timely advice and warning to the driver. It was his individual duty to use ordinary care for his safety, and if he failed in the performance of that duty, he cannot recover for an injury to which his own negligence thus contributed. This principle is fully supported by the decisions above noted. Whether the passenger has exercised reasonable care under the circumstances is usually a question for the jury to decide. *Chiswell* v. *Nichols; W., B. & A. R. Co.* v. *State, use of Hall; B. & O. R. R. Co.* v. *McCabe, supra.* In the first of the cases just cited the question was whether the passenger, who was seated beside the driver of the automobile, was negligent in failing to observe and give notice of the approach, along an intersecting road, of the car with which they collided. In the *Hall* and *McCabe cases,* in which the accidents occurred at railway crossings, it was charged that the passengers, who were in each instance seated in the front of the automobile, negligently failed to warn the driver of the

danger of collision which was imminent.   It was held in all of those cases that the question of the passenger's contributory negligence should be submitted to the jury.   The proof in the present case does not require a different ruling.   The issue as to whether the appellee exercised due care was properly submitted to the jury by an instruction granted at the appellants' request, but they were not entitled to a directed verdict in their favor on the theory that contributory negligence on the part of the appellee had been conclusively proven.   From his seat in the rear of the covered car he had not the same opportunity as the driver to notice that the signal lights at the top of the draw bridge were not displayed, if such was the fact, and he might not have anticipated that the driver would not stop the car, in view of the low rate of speed at which they testified it was moving, in time to avoid any danger which the headlights would disclose.

The refusal of the trial court to withdraw the case from the jury on the ground that the appellee was guilty of contributory negligence was clearly proper.   No question has been made in the argument as to the action below on the prayers other than those we have mentioned.   In none of the rulings have we found any error.

*Judgment affirmed, with costs.*