WILLIAM A. SETZKORN, Respondent, *v.* CITY OF BUFFALO, Appellant, Impleaded with ROCK ASPHALT AND CONSTRUCTION CORPORATION, Defendant.

Fourth Department, January 5, 1927.

**Master and servant** — action for damages to plaintiff's automobile suffered when appellant's team ran into automobile in which plaintiff was sitting at time — plaintiff was employee of appellant as inspector in bureau of engineering and was making out report at time of accident — appellant's team which was being used in collecting refuse in streets was left unattended — negligence shown — presence of plaintiff in automobile at time had no connection with his work — plaintiff and driver of team were not fellow-servants.

This is an action to recover for damages to plaintiff's automobile which was run into by a team belonging to the appellant which was being used in the collection of refuse in the streets, and at the time of the accident was left unattended. The plaintiff was employed as inspector in the bureau of engineering and at the time of the accident was sitting in his automobile, which was parked at the curb, making out a report. The facts established a *prima facie* case of negligence which was not explained by the appellant.

The appellant cannot escape liability on the theory that the plaintiff and the driver of the team were fellow-servants, for the plaintiff was sitting in the automobile at the time of the accident for his own convenience and not as a part of his work, and furthermore, the automobile which belonged to the plaintiff was being used simply for his own convenience, and not in the service of the appellant.

APPEAL by the defendant, the City of Buffalo, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 10th day of May, 1926, affirming a judgment of the City Court of Buffalo in favor of the plaintiff, and also from a judgment entered in said clerk's office on the same day in pursuance of said order.

*Frederic C. Rupp, Corporation Counsel [S. H. Millener* of counsel], for the appellant.

*Frederick F. Grotz,* for the respondent.

CLARK, J.   This action was brought for property damages.   It was originally instituted against the city of Buffalo and the Rock Asphalt and Construction Corporation.   At the trial in the City Court of Buffalo the complaint was dismissed as against the asphalt company, but was continued as  against the city,  and resulted in a judgment in favor of the plaintiff and against the city.   On appeal to the Supreme Court the judgment was affirmed. (*Setzkorn* v. *City of Buffalo,* 126 Misc. 858.)

At the time of the accident plaintiff was employed by the city of Buffalo as an inspector in the bureau of engineering.   He was sitting in his automobile which was parked close to the curb on one of the city streets and was engaged in making out a report.

While in that position and thus engaged a team of horses belonging to the city, and hitched to a cart or wagon used in gathering up refuse from the streets, ran away and collided with plaintiff's parked automobile, causing the damage complained of. The team was unattended, that is, no one was left on the wagon in charge of the team, and no one was in the driver's seat and in control of the horses.   The city employee who was gathering the refuse and shovelling it in the wagon was necessarily a short distance behind the horses, but no one was left on or around the wagon holding the horses, or in charge of the reins.

These facts testified to by plaintiff were undisputed, and made out a *prima facie* case of negligence against the city which it was called upon to explain.   (*Howley* v. *Kraemer,* 36 Misc. 190; *Rice* v. *Von der Lieth,* 108 id. 284.)

There was no explanation.   Defendant seeks to escape liability on the theory that plaintiff and the man gathering the rubbish were fellow-servants, and the city is not liable under the fellow-servant rule.

At the time of the collision plaintiff was sitting in his automobile for his own convenience, but his action in stepping into the car to make his report had no connection with his work as an employee of the city.   His automobile was not used in or connected with his service to the city.

The fellow-servant rule is that a master is not liable for *injuries of a servant* caused by the negligence of a fellow-servant engaged in the same general business where the master has exercised due care in the selection of servants.   (26 Cyc. 1276.)

27

The automobile belonging to plaintiff, which was damaged by the city's runaway team, was not being used in the same general business which engaged the attention of the laborer and team gathering up rubbish from the city streets. The automobile was being used by plaintiff simply for his own convenience. His employment was purely personal and did not include the use of his automobile, and it was not being used in connection with plaintiff's service to the city. For that reason the fellow-servant rule does not apply.

The judgment and order should be affirmed, with costs.

All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ.

Judgment and order affirmed, with costs.