Agnes **FALENI** and Alfred **Faleni,**
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

Civ. 8068.

United States District Court,
E. D. New York.

April 4, 1949.

J. Vincent Keogh, U. S. Atty., by Morris K. Siegel, Asst. U. S. Atty., Brooklyn, N. Y., for motion.

Bernard L. Neumark, New York City, for plaintiffs.

RAYFIEL, District Judge.

This is a motion for summary judgment in favor of the defendant, dismissing the complaint herein, or, in the alternative, for an order dismissing the action, because the complaint fails to state a claim against the defendant upon which relief can be granted.

The action is brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages for personal injuries sustained by the plaintiff, Agnes Faleni, as a result of the negligence of an employee of the defendant, and to recover damages sustained by the plaintiff Alfred Faleni, for medical expenses and services, and for loss of services resulting therefrom.

The complaint, in brief, alleges as follows:—that the plaintiff, Agnes Faleni, for some time prior to June 6, 1946, had been employed by the Ship's Service Department, United States Naval Air Station, Floyd Bennett Field, New York City, as a laundry worker; that at about 5:30 p. m. on June 6, 1946, the said plaintiff, returning from work to her home, was a passenger on a Navy bus, owned and controlled by the defendant, and operated by one of its employees in the regular course of his employment; that the said employee operated and managed the bus in such a reckless and careless manner, and at such a dangerous rate of speed, as to cause it to swerve sharply around a curve in the road, and that by reason thereof she was thrown from the bus and sustained serious injuries.

The answer denies those allegations of the complaint, and, as a second separate and distinct defense, alleges, in substance, that the said Ship's Service Department was an agency and instrumentality of the United States of America, and, hence, the plaintiff, Agnes Faleni, was an employee of the defendant; that the bus was owned and controlled by the defendant, and was operated to transport employees of the Ship's Service Department to and from and between the said laundry plant and the gate at the entrance to the field; that the accident arose out of and in the course of said plaintiff's employment; that the defendant was covered by workmen's compensation insurance in the State Insurance Fund of the State of New York; and that the said plaintiff filed a claim for compensation thereunder, and, hence, is barred from any recovery in this action.

The following are the important points presented on this motion:

(1) was the plaintiff, Agnes Faleni, an employee of the United States Government, and if so, (2) did the accident arise out of and occur in the course of her employment? (3) Does the Ship's Service Department's coverage of the plaintiff, Agnes Faleni, by workmen's compensation insurance bar her right to a recovery from the defendant for the injuries which are the basis of this action?

If the first point is answered in the negative it will be unnecessary to consider the second and third.

The government, in support of its contention that the said plaintiff was an employee of the defendant, cites, inter alia, the case of Standard Oil Co. v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611, which, in reversing a decision of the California Supreme Court, 19 Cal.2d 104, 119 P.2d 329, denied the right of the State of California to exact a fuel tax on sales made to United States Army Post Exchanges (analogous to Ship's Service Departments), holding that the post exchanges are arms, or, as counsel for the defendant puts it, instrumentalities of the government, and, accordingly, cannot be taxed by the states.

Granting that, it does not necessarily follow that the plaintiff was an employee of the defendant. That is much too nebulous a basis on which to establish a relationship of employer and employee. The plaintiff's salary was not paid from funds appropriated by the Congress. The defendant made no grant or appropriation for the merchandise or services sold at the Ship's Service Department or the recreational facilities furnished by it. All of its income is derived from purchases made by naval personnel and its own civilian employees. It pays its own obligations for maintenance and upkeep, including heat, light, power and other services. It carries its own insurance covering fixtures, furniture and other equipment, and, in fact, is expressly prohibited by Section 707 of the "Bureau of Naval Personnel Regulations for Ship's Service Departments Ashore" from insuring such of those articles as may be furnished by the government, since they are government property. Certain of the employees are bonded, and the premiums on such bonds are paid by the Ship's Service Department.

The foregoing facts, together with various provisions of the aforementioned "Bureau of Naval Personnel Regulations for Ship's Service Departments Ashore" not herein set forth, satisfy me that the Ship's Service Department is merely an adjunct of and a convenience furnished by the Navy Department, and that an employee thereof is not an employee of the United States of America.

As a matter of fact, photostatic copies of letters from the Federal Security Agency, Bureau of Employees' Compensation, and War Shipping Administration, Division of Training, annexed to and forming part of the papers submitted in opposition to this motion, indicate clearly that those agencies do not regard such employees as government employees.

The motion is accordingly denied. Settle order on notice.