## LEWIS v. UNITED STATES.
### No. 10742.

United States Court of Appeals
District of Columbia 'Circuit.

Argued Dec. 18, 1950.

Decided May 10, 1951.

Byron N. Scott, Washington, D. C., for appellant. Walter F. O'Connor also entered an appearance for appellant.

William R. Glendon, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard and Ross O'Donoghue, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This appeal raises the question whether a member of the United States Park Police can maintain suit against the United States under the Federal Tort Claims Act,[1] where his complaint alleges that he was recklessly and negligently shot by another member of the same police force who was engaged with him in the course of duty in pursuing two fugitives.

The question of the Government's liability in tort has received a definitive answer with respect to the great body of Federal employees. They are covered by the Federal Employees' Compensation Act,[2] which not only grants compensation benefits but also expressly forbids them from suing the Government for injuries received in the course of their duties.[3] Congress has thus, in most instances, left no doubt as to its desire to limit Federal employees to their remedy under the Compensation Act and to preclude double recovery or an election of remedies. If the members of the United States Park Police are covered by the Federal Employees' Compensation Act, appellant would in consequence be barred from maintaining this suit. The coverage of that Act is, however, left to the primary determination of the agency administering it.[4] As that agency has expressed no views on whether the Compensation Act covers the Park

1. Act of August 2, 1946, c. 753, Title IV, 60 Stat. 842, as amended. See 28 U.S.C. (1950 ed.) §§ 1346(b), 2671–2680 (codifying the major sections of the Act).

2. 5 U.S.C.A. § 751 et seq.

3. 5 U.S.C.A. § 757(b).

4. Payments under the Compensation Act are gratuities; questions of the amounts to be granted and the groups or individuals to be benefited are to be decided by Congress and its agents, rather than by the courts. See Calderon v. Tobin, D.C. Cir., 187 F.2d 514; also 5 U.S.C.A. §§ 787, 793.

Police, and as we need not reach that question in disposing of this case, we deem it inappropriate for our consideration here. For we think that whether or not the Act is applicable to appellant, this suit cannot be maintained. Accordingly, we express no opinion on the effect of the Federal Employees' Compensation Act other than to note it as a general statement of a congressional policy favoring a remedy through compensation rather than by action in tort for Federal employees.

The Supreme Court has recently had occasion to pass upon a case somewhat similar to the one now before us, a suit brought under the Federal Tort Claims Act by a member of the armed services injured on active duty through the negligence of another soldier. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153. In concluding that such suits were not maintainable, Mr. Justice Jackson had this to say, among other things:

"The primary purpose of the Act was to extend a remedy to those who had been without; if it incidentally benefited those already well provided for, it appears to have been unintentional. Congress was suffering from no plague of private bills on the behalf of military and naval personnel, because a comprehensive system of relief had been authorized for them and their dependents by statute.

\*     \*     \*     \*     \*     \*

"We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the government he is serving. Nor is there any liability 'under like circumstances,' for no private individual has

power to conscript or mobilize a private army with such authorities over persons as the Government vests in echelons of command.

\*     \*     \*     \*     \*     \*

"This Court, in deciding claims for wrongs incident to service under the Tort Claims Act, cannot escape attributing some bearing upon it to enactments by Congress which provide systems of simple, certain, and uniform compensation for injuries or death of those in armed services." 340 U.S. at pages 140, 141, 142, 144, 71 S.Ct. at pages 156, 157.

■ By parity of reasoning we think the same result must be reached in this case. Like the soldier in the Feres case, the Park Policeman obtains the benefit of "systems of simple, certain, and uniform compensation for injuries or death." Members of the Park Police are by congressional enactment entitled "to all the benefits of relief and retirement" furnished by the "policemen and firemen's relief fund, District of Columbia".[5] That "statutory scheme contemplates a broad system of relief, by way of medical and hospital care and treatments, pensions, retirement \*  \*  \*."[6] As was said in the Feres case, "If Congress had contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedy to each other." 340 U.S. 135, 144, 71 S.Ct. 153, 158.

The analogy to the Feres case is given additional strength by the fact that a member of the United States Park Police, though a civilian employee,[7] occupies a

5. Act of September 1, 1916, 39 Stat. 718, c. 433, § 12; act of May 27, 1924, 43 Stat. 176, c. 199, § 7; D.C.Code (1940 ed.) § 4–501 et seq.; § 4–515.

6. Wham v. United States, 86 U.S.App.D. C. 128, 180 F.2d 38, 39. That case involved a suit by a person not employed by the Federal Government, and is not controlling here.

7. The act of August 5, 1882, 22 Stat. 243, designated as the "United States park police" the "watchmen provided for by the United States Government for serv-

ice in any of the public squares and reservations in the District of Columbia". Though they are Federal employees, under the exclusive charge and control of the Director of the National Park Service in the Department of the Interior, they have the same powers and duties as the Metropolitan Police of the District of Columbia. D.C.Code (1940 ed.) § 4–201). The Civil Service Act applies to the Park Police, and appointments must be made in conformity therewith. Civil Service Rule II, § 1; 26 Op.A.G. 502, 504, 507; 40 Op.A.G. 454, 465.

status involving a high degree of discipline and physical risk. Sound policy would seem to require—and we think that Congress has required—that employees in such positions be not relegated to a remedy in tort but rather be protected by a well-defined system of compensation for the hazards of their employment. Here such a system exists by congressional enactment. And in view of the general policy of Congress not to permit Federal employees to recover under the Tort Claims Act for injury at work, it certainly would seem unwarranted to permit members of the Park Police—uniquely among Federal employees—to maintain suits for damages, since the nature of their work and the benefits they receive suggest the contrary result. See Dahn v. Davis, 258 U.S. 421, 432, 42 S.Ct. 320, 66 L.Ed. 696; Dobson v. United States, 2 Cir., 27 F.2d 807.

Congress is the body which must ultimately pass on the question of the amount and sufficiency of the benefits to be received by the Park Police, or by any other group of Federal employees. Congress annually appropriates for their salaries and for the amounts to be contributed by the Federal Government under legislation providing for retirement pay and compensation for injuries. Congress can increase or reduce these amounts. It can grant new gratuities through private bill or general legislation. And "if we misinterpret the Act, at least Congress possesses a ready remedy." Feres v. United States, supra, 341 U.S. at page 138, 71 S.Ct. at page 155.

In view of the conclusion we have reached, we find it unnecessary to discuss the other defenses raised by the Government, including the so-called "fellow-servant" doctrine. The judgment of the District Court, dismissing the complaint, is accordingly

Affirmed.