## 17361

David H. BRAME, Appellant, v. Kermit C. GARNER *ET AL.,* of whom Fort Jackson Officers' Open Mess, an Unincorporated Association, is Respondent

(101 S. E. (2d) 292)

158

*Messrs. Whaley & McCutchen* and *Hoover C. Blanton,* of Columbia, *for Appellant,*

*Messrs. Cooper & Gary* and *Frank K. Sloan,* of Columbia, *for Respondent,*

December 9, 1957.

STUKES, Chief Justice.

This action by appellant, as plaintiff, is in tort for damages for an alleged assault (and consequent injuries) committed upon him by the defendant Garner upon the premises of the Officers' Mess, Fort Jackson, of which Garner is a member. He is not concerned with the appeal.

The complaint alleges delicts of Garner and also ∎ other delicts of the Mess. It made a special appearance by which it objected to the jurisdiction of the court upon grounds which included the fact that it is an integral part of the military establishment of the United States which has not waived its sovereign immunity from suit in actions such as this. The plea was sustained upon the stated ground and it was held that the respondent Mess is not subject to suit because the United States has not waived its immunity or granted permission that the Mess be sued. Army Regulation No. 210-60, July 20, 1951, was cited. It provides concerning legal status that an Open Mess such as is respondent is an integral part of the Army Establishment, is an instrumentality of the Government and entitled to all immunities and privileges of such. (Duly authorized and promulgated Army Regulations have the force of law, *Standard Oil Co. of California v. Johnson,* 316 U. S. 481, 62 S. Ct. 1168, 86 L .Ed. 1611.) An affidavit of the Mess Secretary established that respondent is organized under the provisions of Army Regulations 210-50 and 210-60 and as such is a non-appropriated fund activity, an instrumentality of the United States, is located and operated on the United States Government Reservation, Fort Jackson, and has no activities, officers or agents elsewhere.

Appellant contends that the respondent may be sued ∎ in the courts of this State pursuant to Section 10-215 of the South Carolina Code of 1952 which provides that unincorporated associations may be sued and proceeded against under the name and style by which they are usually known, without naming as defendants the individual members of the association; and Section 10-429 which provides that service on such an association which is doing business

in this State may be effected by service of process upon any agent of it. Under Section 10-1516 execution may be issued upon a judgment obtained against an unincorporated association against any property of the association and the individual property of any member of it. But the contention fails at the threshold. It was held in the leading case of *Standard Oil Co. of California v. Johnson, supra,* 316 U. S. 481, 62 S. Ct. 1168, 1170, 86 L. Ed. 1611, that Army Post Exchanges, which are of similar legal status to that of an Officers' Mess, are, quoting from the opinion: "arms of the government deemed by it essential for the performance of governmental functions. They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes." See to the same effect: *American Commercial Co. v. U. S. Officers and Non-Commissioned Officers Club,* 88 U. S. App. D. C. 137, 187 F. (2d) 91; *Query v. United States,* 4 Cir. 121 F. (2d) 631, affirming *U. S. v. Query,* D. C., 37 F, Supp. 972; *Borden v. United States,* Ct. Cl., 116 F. Supp. 873; *Edelstein v. South Post Officers Club,* D. C., 118 F. Supp. 40, and *Daniels v. Chanute Air Force Base Exchange, D. C.,* 127 F. Supp. 920.

Our statutes *supra,* which appellant invokes, do not apply, simply because the respondent unincorporated association is immune from suit under federal law, by which the State and its courts are bound.

We do not reach for consideration the additional position of the respondent Mess, that it is not "doing business in this State" (Code Sec. 10-429) because its operation and activities are confined to territory which has been ceded to the United States (Code Sec. 39-52) and that the State Courts are without jurisdiction because of that. Nor do we have before us any question relating to the amenability to suit of the individual members of the Mess.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.