**Richard A. HOLCOMBE, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7649.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1958.

Decided Oct. 10, 1958.

Howard I. Legum, Norfolk, Va. (Louis B. Fine, Norfolk, Va., on brief), for appellant.

John G. Laughlin, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Lester S. Parsons, Jr., U. S. Atty., Norfolk, Va., Morton Hollander and Bernard Cedarbaum, Attorneys, Department of Justice, Washington, D. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

In the District Court judgment was entered for the United States in this suit brought under the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)) by the appellant, Richard A. Holcombe, Jr. He was Mess Manager of the Commissioned Officers' Club at the United States Naval Station, Patuxent River, Maryland, and his claim was for damages to his automobile occurring through the alleged negligence of Miss Loretta Roller, employed as receptionist at the Club. He had directed her to take his personal automobile to a place some miles away and to bring back salad dressing required for a luncheon then being prepared for guests of the Club. While she was on

this errand the automobile was driven off the road and demolished.

The ground upon which the District Judge ordered dismissal of the suit was that, even assuming that Miss Roller was an employee of the United States, she was not at the time of the accident engaged in the course of her employment. The District Court considered the errand one primarily for the convenience of Holcombe himself, and not undertaken with the authority of the United States; in other words, that so far as the Government was concerned Miss Roller was only a volunteer for whose negligence it could not be held liable.

Since this appeal was taken, Government counsel has made further study of the question and has concluded that under the authority of Williams v. United States, 1955, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761, this case is controlled by Maryland law which, in light of the applicable Navy regulations, leads to the conclusion that Miss Roller was acting within the scope of her duties as an employee of the Club. While the Government abandons the ground originally assigned for dismissal of the suit, it contends that the action of the Court was correct upon other grounds, not passed on by the District Court, some of which were not presented or argued in that Court. Among these grounds are, that the United States has not waived immunity from liability for torts of civilian employees of non-appropriated fund instrumentalities, such as this Officers' Club; that the appellant's status as a civilian employee of such an instrumentality precludes his recovery; also that the fellow servant doctrine defeats his claim; and that the facts afford a defense of contributory negligence on the appellant's part.

We think it best in the interest of orderly procedure that these issues, legal and factual, should have the attention of the District Court before they are presented on appeal. Accordingly, the judgment will be vacated, and the case remanded for further proceedings.

Judgment vacated and case remanded.