Richard A. HOLCOMBE, Jr., Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 2330.

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 28, 1959.

298

Howard I. Legum, Fine, Fine, Legum, Weinberg & Schwan, Norfolk, Va., for plaintiff.

W. Farley Powers, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

This action is again before the Court following remand and vacation of judgment previously entered for defendant. Holcombe v. United States, 4 Cir., 259 F.2d 505. No additional evidence has been presented; counsel having stipulated that the case should be determined on the former record. As the facts are sufficiently stated in the prior opinion of this Court (unreported) and in the *per curiam* opinion of the appellate court (259 F.2d 505), they will not be repeated.

The remaining *factual* items which require consideration are (1) the defense of contributory negligence, and (2) the ascertainment of damages. The fair value of plaintiff's automobile at the time of the accident, after making an allowance for salvage, is $1,115. The cost of repairing other personal property contained within the automobile and the depreciated value of articles lost or damaged beyond repair is fixed by the Court at $210. The total loss sustained by plaintiff is determined to be $1,325.

The defense of contributory negligence is not worthy of discussion. The mere fact that Miss Roller, to whom plaintiff entrusted his automobile, was, to a limited extent, physically handicapped due to a flail of her right elbow, affords no suggestion that plaintiff was guilty of contributory negligence. The short answer to this contention is that Miss Roller was duly licensed to operate a motor vehicle according to the laws of Maryland. Assuming that plaintiff had knowledge of this physical defect, it is not shown that he had any knowledge as to the extent, if any, that such physical disability impaired her ability to operate a motor vehicle. As a licensed operator with full possession of all apparent faculties, plaintiff had the right to assume that Miss Roller was physically capable of operating an automobile in a normal manner. The negligence of Miss Roller cannot be attributed in whole or in part to the plaintiff.

We turn then to the crucial question in this case, which is:

May a civilian employee of a non-appropriated fund instrumentality of the Navy Department recover damages from the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for a property damage loss occasioned by the negligence of another civilian employee of the same non-appropriated fund instrumentality, arising within the scope of their respective duties?

As this Court interprets the opinion of the appellate court in Holcombe v. United States, supra, it is a foregone conclusion that Miss Roller, at the time and place in question, was acting within the scope of her employment under the Maryland law.

The Government contends that plaintiff is precluded from recovering under the fellow-servant doctrine as applied in Maryland. McCall's Ferry Power Co. v. Price, 108 Md. 96, 69 A. 832. While the doctrine apparently has not been repudiated in Maryland, it has been sharply limited. General Automobile Owners' Ass'n v. State, 154 Md. 204, 140 A. 48; County Com'rs of Dorchester County v. Wright, 138 Md. 577, 114 A. 573; Price v. Miller, 165 Md. 578, 169 A. 800. And

in 2 Harper & James, Torts, (1956 Ed.), p. 1173, it is said:

"Perhaps the fellow servant rule, once applied in master and servant cases, represented the assumption of the risks from another's future careless conduct. Perhaps, however, that rule more truly represented an unwillingness to extend vicarious liability to cases arising within the employer's economic family. At any rate the question is no longer important for the rule is dead."

Even though we assume arguendo that the fellow servant doctrine is still alive in Maryland, the limitations placed upon its application lead to the belief that, in the absence of a controlling Maryland decision, the doctrine is not extended to claims for property damage. The historical background of the fellow servant doctrine is found in 35 Am.Jur., Master and Servant, § 336. The only authority distinguishing between property damage and personal injury claims as applied to the fellow servant doctrine is Setzkorn v. Buffalo, 126 Misc. 858, 215 N.Y.S. 584, affirmed 219 App.Div. 416, 219 N.Y.S. 351, affirmed per curiam 246 N.Y. 605, 159 N.E. 670, in which it was said in the lower court (126 Misc. 858, 215 N.Y. S. 584, 586):

"There is no established public policy and no logical reason apparent why the fellow-servant rule should be extended to excuse a master whose servant, while actually in service, negligently damages the property of a fellow servant. It is not one of the risks contemplated by the master or servant, nor compensated for in increased wages. So far as concerns the property of a fellow servant that is being used in the service of the master as a convenience to the fellow servant, it is as though his property were that of a stranger, to whom the master would be liable for the negligent act of his servant."

To the same effect, see 56 C.J.S. Master and Servant § 322(a), p. 1080. Holding that, in the absence of a controlling state decision, the fellow servant rule affords no defense to a claim for property damage, we pass to the remaining inquiries.

Defendant insists that (1) the United States has not waived immunity from liability for torts of civilian employees of non-appropriated fund instrumentalities such as, in this case, the Commissioned Officers' Club, and (2) the status of the plaintiff, Holcombe, as a civilian employee of the non-appropriated fund instrumentality is such that he is precluded from recovery. As applied to the facts of this case, the questions are essentially of first impression.

Both plaintiff and defendant concede that the individuals, Holcombe and Miss Roller, were federal employees in their respective capacities as employees of a non-appropriated fund instrumentality. Standard Oil Co. of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; Daniels v. Chanute Air Force Base Exchange, D.C.Ill., 125 F.Supp. 920. Defendant's brief suggests that the holding in Faleni v. United States, D.C.E.D.N.Y., 125 F.Supp. 630, is erroneous to the extent that it ignores the fact that an employee of a non-appropriated fund instrumentality is a federal employee. Indeed, the Act of June 19, 1952, 66 Stat. 138, 5 U.S.C.A. § 150k, expressly excepts civilian employees of non-appropriated fund instrumentalities for the purpose of any laws administered by the Civil Service Commission or the provisions of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., but specifically provides that "the status of these nonappropriated fund activities as Federal instrumentalities shall not be affected." With this background it is clear that Congress now recognizes civilian employees of non-appropriated fund instrumentalities as federal employees, and this is further evidenced by § 2 of the Act of June 19, 1952, 5 U.S.C.A. § 150k–1, which requires these instrumentalities to provide their civilian employees, by insurance or otherwise, with compensation for death or disability incurred in the course of employment in lieu of the

benefits under the Federal Employees' Compensation Act.[1]

■ In considering the status of plaintiff as a civilian employee of a non-appropriated fund instrumentality in maintaining an action against the United States under the Federal Tort Claims Act to recover damages for the loss of personal property occasioned by the negligence of a Government employee acting within the scope of employment, we must look to the statute, the basic purposes of the Act as disclosed by the authorities, the intent of Congress, and such remedies as may be available to the plaintiff without resort to the Act. The defendant relies upon Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Lewis v. United States, 89 U.S.App.D.C. 21, 190 F.2d 22, certiorari denied 342 U.S. 869, 72 S.Ct. 110, 96 L.Ed. 653; Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768; United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139, and other related cases.[2] These authorities, while persuasive, may be generally classified as follows:

■ (1) Where the plaintiff is a soldier or federally-employed policeman, on active duty at the time and thereby subject to military or military-like discipline, he cannot recover under the Federal Tort Claims Act for personal injury or property damage as a result of activity "incident to" his service. The underlying theory in this type of case is that, in part at least, there can be no "like circumstances" where the United States, if a private person, would be liable. As was said in United States v. Brown, supra, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139:

"The peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty, led the Court to read that Act as excluding claims of that character."

■ (2) Where the plaintiff has available other "simple and certain" statutory relief which is a part of the whole scheme of relief available against the Government, either in cases of personal injury or property damage. Feres v. United States, supra, 340 U.S. at page 144, 71 S.Ct. at page 158.

The Johansen case was an action under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., for damages sustained as a civilian carpenter aboard an Army transport ship. Libellant had received compensation for his injury under the Federal Employees' Compensation Act. In rejecting Johnson v. United States, 4 Cir., 186 F.2d 120, and United States v. Marine, 4 Cir., 155 F.2d 456, in which recoveries were permitted under the theory that the civilian had an election, the Court said (343 U.S. 441, 72 S.Ct. 857):

"As the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect."

---

1. See H.R.Rep. No. 1659, 85th Cong., 2d Sess. 4–5, wherein it was proposed to make the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., applicable to civilian employees of non-appropriated fund instrumentalities of the military departments. As enacted, 5 U.S.C.A. § 150k–1(c), the remedy under the Act is exclusive and "in the place of all other liability of the United States or such instrumentality to the employee, (or) * * * any person otherwise entitled to recover damages * * * on account of such disability or death * * * under any federal tort liability statute."

The foregoing was enacted by Congress on July 18, 1958, 72 Stat. 397, and has no application to the instant proceeding other than to demonstrate the Congressional intent.

2. See United States v. Forfari, 9 Cir., 268 F.2d 29.

The Feres and Lewis cases follow similar lines. In Feres the controlling question was whether an action under the Tort Claims Act could be successfully maintained by a serviceman, while on active duty, as the result of negligence which brought about the death of plaintiff's decedent. The court held that, under such circumstances, there was no liability where the injuries or death arose out of or were in the course of activity incident to the service. In considering the purposes of the Tort Claims Act, it is said (340 U.S. 140, 71 S.Ct. 156):

> "The primary purpose of the Act was to extend a remedy to those who had been without; if it incidentally benefited those already well provided for, it appears to have been unintentional."

And later (340 U.S. 142, 71 S.Ct. 157):

> "Its effect is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities."

But the earlier case of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200, held that a serviceman *on furlough* could recover for injuries sustained not in the course of his military employment. Thus it is clear that mere employment by the Government does not preclude a plaintiff's action under the Tort Claims Act.

In Lewis v. United States, supra [89 U.S.App.D.C. 21, 190 F.2d 23], the Feres doctrine was extended to a United States Park Policeman who received gunshot wounds through the negligence of another Park Policeman while they were pursuing fugitives in the course of their employment. It is said in the opinion:

> "Like the soldier in the Feres case the Park Policeman obtains the benefit of 'systems of simple, certain, and uniform compensation for injuries or death.' Members of the Park Police are by congressional enactment entitled 'to all the benefits of relief and retirement' furnished by the 'policemen and firemen's relief fund, District of Columbia'."

> "As was said in the Feres case, 'If Congress had contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedy to each other.' 340 U.S. 135, 144, 71 S.Ct. 153, 158, 95 L.Ed. 152."

The more recent case of Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768, 772, is an opinion by Mr. Justice Reed, a retired Justice of the United States Supreme Court. This involved a civilian employee of a non-appropriated fund instrumentality who served as assistant manager of the Officers' Mess, but who was injured when he slipped and fell upon a highly waxed dance floor of the Naval Gun Factory where he was serving as caterer in the line of his duties. The plaintiff, Aubrey, had received compensation insurance as carried by the Officers' Open Mess, and as required by law for the protection of persons employed in non-appropriated fund instrumentalities under 5 U.S.C.A. § 150k–1. The holding of the court in denying the claim was not grounded upon the fact that plaintiff was an employee of a non-appropriated fund instrumentality but, to the contrary, carries with it the inference that an action may be maintained under the Tort Claims Act where no remedy is otherwise afforded. As the court noted:

> "Aubrey is precluded from maintaining this suit under the Tort Claims Act by the principle set forth in Feres and Johansen that the Act was not intended to grant the right to sue the Government to one who has been provided another remedy against its own instrumentality by the Government through a system 'of simple, certain, and uniform compensation for injuries or death.' (340 U.S. 144, 71 S.Ct. 158, 95 L. Ed. 152; 343 U.S. 440, 72 S.Ct. 857, 96 L.Ed. 1051.) The compensation system provided for plaintiff Aubrey must, like the Tort Claims Act, 'be construed to fit so far as will com-

port with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole'."

■ In the case under consideration both parties concede that plaintiff has no "simple and certain" statutory remedy to obtain compensation for the loss of his personal property. The defendant states that the Military Personnel Claims Act, 31 U.S.C.A., § 222c,* is not applicable to civilian employees of non-appropriated fund instrumentalities. While the question is debatable because of the inclusion of civilian employees of the Navy, the Court accepts the concession of counsel in their conclusion that the language does not cover employees of non-appropriated fund instrumentalities.

There is, at least, a strong suggestion in the Aubrey case that had Aubrey been without a "simple and certain" statutory remedy, he would be permitted to maintain his action under the Federal Tort Claims Act. This is borne out by the fact that the court permitted Aubrey's wife to proceed under the Tort Claims Act under her claim for loss of services occasioned by her husband's injury. The case of Smither & Co., Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, was distinguished because of the stipulation that the United States was not Aubrey's employer.

Unless the plaintiff herein is afforded that "simple and certain" statutory remedy under the Military Personnel Claims Act—a point conceded by counsel to be answered in the negative—it would appear that he is not precluded from recovering in this action. The test of allowable claims under the Tort Claims Act is that the United States is liable in the same manner and to the same extent as a private individual under like circumstances, with certain exceptions not material here. 28 U.S.C. § 2674. Applying this principle, if A and B are employees of C, and A loans his automobile to B to be used by B for C's purposes, within B's scope of employment, then A may recover from C for the damages to his property occasioned by the negligence of B. As the defendant concedes that Miss Roller was a federal employee acting within the scope of her employment under Maryland law, her negligence is attributable to the Government under the doctrine of *respondeat superior,* and a recovery is permitted in the absence of a simple, certain and uniform remedy by way of compensation. While the factual situation may be novel and unprecedented, it is plainly a recognized cause of action for which the Tort Claims Act has waived the immunity of the sovereign.

The defendant would extend the doctrine in Feres to include a claim for property damage by *any* federal employee. We do not believe the decisions reach that point. It is plain that the language in Feres has been somewhat extended to cover property damage of service personnel, *incident to their service,* when on active duty, but this has been construed as "military service". United States v. United Services Automobile Ass'n, 8 Cir., 238 F.2d 364; Preferred Insurance Co. v. United States, 9 Cir., 222 F.2d 942, certiorari denied 350 U.S. 837, 76 S.Ct. 74, 100 L.Ed. 747; Zoula v. United States, 5 Cir., 217 F.2d 81. In each of these cases the court noted that the serviceman had access to the Military Personnel Claims Act—a remedy not available to this plaintiff according to the concessions of counsel.

■ Nor is the Court impressed with the argument that Congress has not given consent to be sued. Subject to certain exceptions not here pertinent, the Federal Tort Claims Act grants such consent. The line of authorities protecting the sovereign immunity in actions based upon contracts is inapplicable. It is clear that Congress has not consented to be sued on contractual obligations of non-appropriated fund instrumentalities. Standard Oil Co. of California v. Johnson, supra; Borden v. United States, Ct. Cl., 116 F.Supp. 873; Edelstein v. South Post Officers Club, D.C.E.D.Va.,

* Now 10 U.S.C.A. §§ 2732, 2735.

118 F.Supp. 40; Pulaski Cab Co. v. United States, Ct. Cl., 157 F.Supp. 955; Bleuer v. United States, D.C.E.D.S.C., 117 F.Supp. 509; Nimro v. Davis, 92 U.S.App.D.C. 293, 204 F.2d 734; cf. Brame v. Garner, 232 S.C. 157, 160, 101 S.E.2d 292. The term "financial obligations" for which the United States is not responsible for the debts of its non-appropriated fund instrumentalities is generally considered to be contractual or business debts, as contrasted with financial responsibility for tort liability.

■ Finally, it cannot be successfully urged that a non-appropriated fund instrumentality is not includable within the letter and spirit of the Tort Claims Act, 28 U.S.C. § 2671. The term "federal agency" as defined therein is sufficient to cover, for the purposes of the Act, a non-appropriated fund instrumentality. The only case cited in support of defendant's contention is Pulaski Cab Co. v. United States, supra, which involved contractual claims—not a tort action. Daniels v. Chanute Air Force Base Exchange, supra, held *inter alia* that under Standard Oil Co. of California v. Johnson, the Air Force Base Exchange was a federal agency within the definition of the Tort Claims Act. See also: United States v. Query, D.C., 37 F.Supp. 972, affirmed *per curiam*, 4 Cir., 121 F.2d 631, vacated on other grounds, 316 U.S. 486, 62 S.Ct. 1122, 86 L.Ed. 1616; Borden v. United States, supra; Edelstein v. South Post Officers Club, supra; Brewer v. United States, D.C., 108 F.Supp. 889; Grant v. United States, D.C., 162 F.Supp. 689; all of which use or impliedly use the language of "federal agency" as applied to a non-appropriated fund instrumentality. It is rather tenuous to assert that a non-appropriated fund instrumentality, admitted to be an integral part of the Navy, cannot be construed a "federal agency" under the Act.

By the passage of the Federal Employees' Compensation Act, 5 U.S.C.A. § 757(b), Congress has seen fit to establish an exclusive remedy against the Government for injury or death suffered in the course of employment, and, as to civilian employees of non-appropriated fund instrumentalities, they are to be compensated by insurance or otherwise for death or disability incurred in the course of employment in lieu of the benefits under the aforesaid Act. Congress apparently believed that the risk presented on property damage claims (not otherwise protected by insurance coverage) was of insufficient importance and left these claimants to their remedies under the Federal Tort Claims Act.

For the reasons herein stated, a judgment order will be entered upon presentation for the amount heretofore mentioned. Plaintiff will recover his taxable court costs.