GERTRUDE ZAYENDA, Appellant-Respondent, *v.* SPAIN & SPAIN, LTD., Appellant, and NEW HAMPSHIRE FIRE INSURANCE COMPANY, Respondent.

Cross appeals from a judgment of the Supreme Court, entered January 4, 1952, in New York County, upon a decision of the court at a Trial Term, without a jury. Defendant-appellant appeals from so much of said judgment as rendered a decision in favor of plaintiff against defendant-appellant for a sum of money. Plaintiff appeals from so much of said judgment as dismissed the complaint against defendant-respondent.

*Per Curiam.* The judgment should be affirmed on both defendant-appellant's appeal and plaintiff-appellant's appeal. As the trial court pointed out in its opinion, the contemplated showing of the coat on television was entirely in the furrier's interest and a departure from the terms of the bailment. The transaction was no part of the storage arrangement and was neither governed by the storage contract nor the limitations on liability contained in that contract.

Plaintiff consented to the delivery of the coat to the broadcasting company, which saves the furrier from a charge of conversion. It was, however, required to exercise reasonable care in making the delivery authorized and the trial court was entirely justified in finding that the defendant was negligent and that the misdelivery was brought about by its negligence. The defendant is not entitled to the benefit of any limitation of liability in its storage contract on account of this misdelivery and negligence.

By the same token, however, plaintiff is not entitled to reach the defendant insurance company on her claim. The insurance which was effected for her benefit covered only property in the custody of the furrier for storage or servicing or for delivery to customers. Plaintiff was not accorded the protection of that insurance for a transaction outside the scope of such bailment, to which she consented.

A question of the insurance company's possible liability on account of its conduct of the litigation in behalf of the furrier was raised on the argument. Such liability, however, does not arise out of the insurance contract and is not involved on this appeal. It may be that by assuming the defense of the case and requesting and securing a stay of execution of the judgment, the defendant insurance company assumed the responsibility for any action of its assured tending to defeat a collection on the judgment. The facts in this respect are not before us and the liability of the defendant insurance company, if any, outside of its liability to plaintiff on the contract of insurance, is not determined.

The judgment appealed from should in all respects be affirmed, with costs to the respondents on each appeal.

Peck, P. J., Dore, Cohn, Van Voorhis and Shientag, JJ., concur.

Judgment unanimously affirmed, with costs to the plaintiff-respondent against the defendant-appellant, and with costs to the defendant-respondent against the plaintiff-appellant. [201 Misc. 963.] [See *post,* p. 861.]