FIRE ASSOCIATION OF PHILADEL·
PHIA, Ben Wacek and Mabel E.
Wacek, Plaintiffs,

v.

SAKS & CO., Inc., Defendant.

United States District Court
S. D. New York.
Nov. 24, 1954.

Samuel Pivar, New York City, for plaintiffs.

George I. Janow, New York City, for defendant.

MURPHY, District Judge.

This cause having been tried by the court the following are made

## Findings of Fact

1. The plaintiff, Fire Association of Philadelphia, is a corporation organized and existing under the laws of the State of Pennsylvania.

2. The plaintiffs, Ben Wacek and Mabel E. Wacek, are both citizens of the State of Maryland.

3. The defendant, Saks & Co., Inc., is a corporation organized and existing under the laws of the State of New York.

4. The plaintiffs, Ben Wacek and Mabel E. Wacek, in September 1945 purchased a coat of wild mink from the defendant for $5100, including the excise tax.

5. Thereafter the plaintiff, Mabel E. Wacek, gave ordinary wear to the coat until April 14, 1947, when she delivered it to the defendant for storage, repairs, cleaning and glazing.

6. At the time of delivering the garment to defendant the plaintiff placed a valuation of $500 on such coat and agreed to pay the storage charge of $10 at such valuation.

7. The contract of storage provided: "Storage charges are based upon the value specified for the article * * * covered by this receipt * * * and such value is declared and agreed to be the full valuation of such article * *. In the event of a total loss for which we [Saks & Company] may be liable under this agreement, our liability shall not exceed said value."

8. Thereafter, on October 15, 1947, when plaintiff Mabel E. Wacek demanded from defendant the return of her mink coat, she was advised by defendant that it was lost.

9. The aforesaid mink coat had been delivered by defendant, after its receipt from one of the plaintiffs Wacek, to the Dri-Wear Fur Processing Co. for cleaning and glazing. While in possession of that company it was lost or stolen.

10. Plaintiffs Wacek during the times hereinbefore mentioned had insured the garment with the Fire Association of Philadelphia. Pursuant to a proof of

claim filed with said insurer for loss of the coat, they received $5100, and plaintiff, Fire Association of Philadelphia, became subrogated to the rights of the plaintiffs Ben Wacek and Mabel E. Wacek, to the extent of the payment of $5100.

### Discussion

Plaintiff, Mrs. Wacek, testified that she was unable to recall numerous material facts concerning this transaction. It should be noted that the same witness testified that the coat was purchased in 1946 in the face of evidence that she requested and received from defendant, after loss of the coat, a bill of sale. This bill of sale showed purchase in 1945 and the original records also record 1945 as the year of purchase. A receipt for a fur work order, calling for cleaning and glazing of the coat at a charge of $15, and specifying policy no. 19150 and "customer's value $500–," was signed by this witness. Another receipt calling for the relining of the coat at no charge, "as per letter of Sept. 11–1945," also specified the same policy number and customer's value in the same amount. Finally the storage receipt for the coat, specifying the identical policy number and valuation, and indicating charges of $10 for storage and $15 for work, was not only signed by the witness, but also had inscribed· thereon additional directions in her handwriting. In the face of these documents, it cannot be asserted that the witness was unaware at all of these times of the valuation of $500 which clearly limited the liability of defendant bailee under the explicit language of the storage contract set forth in the storage receipt itself.

It was of course most reasonable that the customer's valuation in this case be lower than the actual value of the coat delivered for storage, repairs, cleaning and glazing. The lower the value indicated, the less the storage charge. And whether or not plaintiff bailor was aware of that correlation, (and I find she was), she certainly knew that the coat was insured for its full value at the time of delivery to the bailee with the plaintiff, Fire Association of Philadelphia. Under such circumstances, a specification of customer's valuation of $500 on a coat worth many times more, was not at all an improvident bargain for the plaintiff bailor.

 Because the jurisdiction of this court is based upon diverse citizenship, the internal substantive law of contracts of New York must govern. Plaintiffs have called attention to several situations in which the New York courts have relieved bailors of fur coats from ineffectual attempts by bailees to limit liability for loss. In one of these cases, a valuation of $10 purported to limit liability of the bailee to that amount on a mink coat worth $3500. The court found under the terms of that storage contract, unlike the instant one, that the $10 valuation limited liability only in cases of loss by fire or theft, but did "not add up to a general limitation of liability for loss or negligence." [1] In another case, the same court found that a limitation of liability of $100 on a fur coat worth over $3000 was not "explicit and sufficiently simple that a running reading will reveal a clear meaning." [2] In the instant case, "a running reading will reveal a clear meaning" that liability for the loss in question is limited to $500.

A third determination by the same court found that a misdelivery for television exhibition of a coat by the bailee was "a departure from the terms of the bailment" and "no part of the storage arrangement and was neither governed by the storage contract nor the limitation of liability contained in that contract" [$250 for a coat worth $3000].[3] In the instant case, there was no binding agreement for storage on defendant's premis-

1. Howard v. Handler Bros. & Winell, Inc., 1st Dep't, 279 App.Div. 72, 107 N.Y.S.2d 749, 753, affirmed 303 N.Y. 990, 106 N.E. 2d 67.

2. Rappaport v. Phil Gottlieb-Sattler, Inc., 280 App.Div. 424, 114 N.Y.S.2d 221, 223.

3. Zayenda v. Spain & Spain, Ltd., 280 App. Div. 752, 113 N.Y.S.2d 115, 116.

es, and the contract for relining, cleaning and glazing, in addition to the one for storage, could foreseeably contemplate participation of someone other than defendant in handling the coat.

It is important to point out that in none of these cases was there any evidence that the owner carried insurance for the full value of the coat. Consequently it could not be asserted, as it may in the instant case, that there was no motive on the part of the owner for specifying increased valuation with the furrier.

The following are made

## Conclusions of Law

1. The court has jurisdiction over the parties and the subject matter.

2. The plaintiff, Fire Association of Philadelphia, is entitled to a judgment in the sum of $500.

3. The plaintiffs, Ben Wacek and Mabel E. Wacek, are entitled to no relief, and the complaint insofar as they claim any damages is dismissed.

Judgment accordingly.