**Walter H. E. JAEGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21214.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 5, 1967.

Decided April 16, 1968.

---

Mr. Paul J. McGarvey, Washington, D. C., for appellant.

Mr. Lawrence E. Shinnick, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and A. Lee Fentress, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant's complaint against the United States alleged:

1. This Court has jurisdiction pursuant to Title 28 United States Code, Section 1402(b).

2. On or about January 21, 1965, the plaintiff, Walter H. E. Jaeger, visited the Officer's Open Mess an agency of the United States, at Fort Meade, Maryland. At said time and place the plaintiff deposited his overcoat and gloves in a cloak room provided by the Officer's. Open Mess. Subsequently, the plaintiff returned to procure his overcoat and gloves but same were missing. Plaintiff made demand upon the defendant for their return but the defendant has failed and refused to redeliver said personal property to the plaintiff. At the time of the bailment, the overcoat and gloves were valued at one hundred forty two ($142.00) dollars.

The District Judge granted summary judgment for the United States on the ground that, as the cloak room had been unattended, there had been no delivery of the coat sufficient to create a bailment under Maryland law, which both parties assumed was controlling.[1] We affirm the judgment dismissing the complaint, but on different grounds.

1. At oral argument, the court expressed concern as to the possible jurisdictional bases of this action.

---

1. The thought has occurred to us that perhaps the obligations of open messes, and its employees, to its members, are governed by Federal common law rather than Maryland law. Cf. United States v. Starks, 239 F.2d 544 (7th Cir. 1956). As the parties have not discussed the issue, and in the absence of any indication that it would make a difference in this case, we pass the point by.

Appellant's supplemental memorandum places prime reliance on 28 U.S.C. § 1346(a), granting the District Courts concurrent jurisdiction with the Court of Claims over contractual claims, not exceeding $10,000 against the United States.

■■■ We need not rule on the subtleties of whether such a bailment, if bailment this be, is a contract implied in fact or one implied in law.[2] The United States has not consented to suit on this contract even if it is implied in fact. Open messes are established pursuant to regulations issued by the Secretary of the Army.[3] They are non-appropriated funds activities, generally controlled by the provisions of A.R. 230–5. As these activities, like post exchanges, are not operated with United States funds, the regulations provide that the United States shall not be liable for their contracts.[4] These regulations have consistently been upheld. Although non-appropriated funds activities are instrumentalities of the United States,[5] suit will not lie against the United States to enforce their contractual obligations.[6] The rule has evoked some criticism,[7] but whatever qualification may be appropriate to avoid unfairness to an outsider, say one who sells goods to a post ex-

change, etc., we see no need for reevaluation at this time and in this case, where the action is, in effect, between a club and one of its members.[8] As the defense that a suit against the United States is unconsented to is not waived by failure to plead it,[9] the action cannot be brought under § 1346(a).

2. Plaintiff also maintains that the action may be maintained under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b), 2671 et seq. We begin by assuming that the complaint's assertion of jurisdiction under 28 U.S.C. § 1402(b) is sufficient, by reference, to incorporate 28 U.S.C. § 1346(b) as a jurisdictional basis for the action. We further assume that lack of venue has been waived.[10] But § 1346(b) provides jurisdiction for "loss of property" only if "caused by the negligent or wrongful act or omission of any employee of the Government," in circumstances where a private party would be "liable to the claimant in accordance with the law of the place where the act or omission occurred."

■■■ Treating the action as one predicated on the negligence of Government employees, the District Judge properly granted the Government's motion

2. See, e. g., Alliance Assurance Co. v. United States, 252 F.2d 529 (2d Cir. 1958) reversing 146 F.Supp. 118 (S.D. N.Y.1956).

3. A.R. 230–60, authorized generally by 10 U.S.C. § 3061.

4. For open messes, see A.R. 230–60.24.

5. Standard Oil Co. of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L. Ed. 1611 (1942).

6. See, e. g., Pulaski Cab Co. v. United States, 157 F.Supp. 955, 141 Ct. of Claims 160 (1958); Borden v. United States, 116 F.Supp. 873, 126 Ct. of Claims 902 (1953); Edelstein v. South Post Officers Club, 118 F.Supp. 40 (E.D.Va. 1951); Bleuer v. United States, 117 F. Supp. 509 (E.D.S.C.1950); Standard Oil Co. of California v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942) (dictum); compare Nimro v. Davis, 92 U.S.App.D.C. 293, 204 F.2d 734,

cert. denied 346 U.S. 901, 74 S.Ct. 229, 98 L.Ed. 401 (1953).

7. Borden v. United States, supra, 116 F. Supp. at 878 (Whitaker, J. dissenting in part).

8. Appellant's answers to Government interrogatories show he is a member of this officers' mess. We note that the Army provides an administrative procedure by which both tort and contract claims against a non-appropriated fund activity may be determined. See A.R. 230-8 Section IV.

9. Bleuer v. United States, supra note 6.

10. Under the venue provision cited by plaintiff, 28 U.S.C. § 1402(b), venue lies where plaintiff resides or the act or omission occurred. Plaintiff is a resident of Maryland, and the act occurred in Maryland. However, lack of venue may be waived, even by the Government, Panhandle Eastern Pipe Line Co. v. FPC, 324 U.S. 635, (1945).

for summary judgment. At common law a bailee might sue either in contract or in tort.[11] We may assume that by alleging a bailment and the bailee's failure to return the property, a cause of action is stated under Maryland law.[12] Normally, however, state courts do not trouble themselves with whether such an action is in contract or in tort—not in this day and age when we have a single form of action and are unconcerned with the niceties of common law pleading.[13] But here the question is whether the action is maintainable under a statute limiting jurisdiction to cases of loss caused "by the negligent or wrongful act or omission" of a Government employee.[14] That statute has a "tort" orientation that cannot fairly be extended to an act or omission that is "wrongful" only in the sense that it violates a duty defined by contract. That is particularly true where, as here, the issue is whether the Government has consented to the suit and not merely whether the District Court or the Court of Claims is the proper forum.[15] Of course, negligent handling of another's property may be a tort, and an action based thereon is maintainable under the Federal Tort Claims Act.[16] But on the uncontested facts herein, appellant's case rests solely on failure to redeliver the property, and on a claim that the law presumes negligence therefrom. On these facts, where the owner did not deliver the property to any particular Government employee, we do not think the action is within the

contemplation of the "negligent or wrongful act or omission" clause of the Federal Tort Claims Act.

Affirmed.

---

11. Boland v. Southern Ice Co., 80 F.Supp. 924 (E.D.S.C.1948).

12. Mickey v. Sears, Roebuck & Co., 196 Md. 326, 76 A.2d 350 (1950).

13. Zayenda v. Spain & Spain, Ltd., 201 Misc. 963, 109 N.Y.S.2d 87 (1951), aff'd 280 App.Div. 752, 113 N.Y.S.2d 115 (1st Dept. 1952).

14. With respect to § 1346(b), an employee of a non-appropriated funds activity has been held a Government employee for purposes of Federal Tort Claims Act liability. *Compare* Holcombe v. United

States, 277 F.2d 143 (4th Cir. 1960) and Daniels v. Chanute Air Force Base Exchange, 127 F.Supp. 920 (E.D.Ill.1955) *with* Faleni v. United States, 125 F. Supp. 630 (E.D.N.Y.1949).

15. *See, e. g.,* New England Helicopter Service, Inc. v. United States, 132 F. Supp. 938 (D.R.I.1955).

16. Alliance Assurance Co. v. United States, *supra* note 2; Palomo v. United States, 188 F.Supp. 633 (D.Guam 1960); New England Helicopter Service v. United States, *supra* note 15.