**Angel C. MORALES et al., Plaintiffs,**
**v.**
**SENIOR PETTY OFFICERS' MESS**
**(Open) et al., Defendants.**
**Civ. No. 344–72.**

United States District Court,
D. Puerto Rico.

June 11, 1973.

Reconsideration Denied Sept. 13, 1973.

Francisco A. Gil, Jr., San Juan, P. R., for plaintiffs.

United States Attorney's Office, San Juan, P. R., for defendants.

## ORDER

TOLEDO, District Judge.

On January 25, 1973, we granted, although reluctantly, defendants' motion to dismiss the above captioned complaint because we were of the opinion that Section 218(b)(2) of the Fair Labor Standards Act, Title 29, United States Code, Section 218, under which this action for wages is brought, does not constitute the type of express waiver of immunity, United States v. King (1968), 395 U.S. 1 at page 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 required to overcome the bar set up

by Section 203(d) of the Act which states:

> "'Employer' includes any person . . . but shall not include the United States or any State or political subdivision of a State . . . "

We say reluctantly because we stated then that as the defendant herein is a non-appropriated fund instrumentality linked to the United States, Nimro v. Davis (1953), 92 U.S.App.D.C. 293, 204 F.2d 734, it partakes of whatever immunities the Government may have under the Constitution and federal statutes, Standard Oil Company of California v. Johnson (1941), 316 U.S. 481 at 485, 62 S.Ct. 1168, 86 L.Ed. 1611, and therefore, Section 218(b)(2) of the Act constituted nothing more than a right to claim minimum compensation without providing the corresponding remedy to collect it.

The parties have submitted memoranda of law in relation to the plaintiffs' motion for reconsideration filed February 2, 1973, and we, conscious of the inequitable position in which these plaintiffs have been left by our aforementioned order, have made a thorough restudy of the entire matter. We come to the conclusion that our Order of January 25, 1973 is incorrect, and that, therefore, it should be vacated. We explain.

This action for overtime wages is brought against the Senior Officers Open Mess, recognized to be a non-appropriated fund instrumentality of the United States Government. Standard Oil Company of California v. Johnson, supra. As such we felt, when we issued our January 25 order, that language used in Swiff-Train Company v. United States (1971), 5 Cir., 443 F.2d 1140, a case involving a money claim against a non-appropriated fund instrumentality other than Post Exchanges (the distinction, which is crucial here, will be explained below), was squarely applicable to the case at bar.

The Swiff Court stated that "as non-appropriated fund activities are not operated with United States funds, the United States shall not be liable for their contracts." Id. at 1142. Citing Jaeger v. United States (1968), 129 U.S.App.D.C. 319, 394 F.2d 944. At least this was the situation before the 91st. Congress expressly amended the Tucker Act "in order to bind the United States on contracts made with all service *post exchanges.*" Swiff 443 F.2d at page 1143. The Tucker Act now reads:

> "(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States." Title 28, United States Code, Section 1346(a)(2).

This amendment did something to alleviate a long recognized dilemma which on one horn had fixed Exchange Service immunity because as an agency of the Government it had privileged status and consent to be sued had not been given, while on the other horn, because of Standard Oil Co. of California v. Johnson, supra, the United States was also immune from suit on a contract signed by the Army Exchange Service. Borden v. United States (1953), 116 F.Supp. 873 at 877, 126 Ct.Cl. 902. See also Edelstein v. South Post Officers Club (1951), D.C., 118 F.Supp. 40. (The *Borden* Court termed its position as reached reluctantly.)

The *Swiff* Court, supra, explained that the aforementioned amendment to the Tucker Act represents a willingness on the part of the United States to use public monies for the payment of judgments rendered *only* against Post Exchanges. Other non-appropriated fund agencies

were not included in this waiver of immunity by the United States because, the *Swiff* Court explains, "not every non-appropriated fund activities has sufficient assets to reimburse the United States, the cost of the judgment in some cases would be imposed on the taxpayer —a result which is inconsistent with the very concept of non-appropriated fund activities." *Swiff* 443 F.2d at 1143. See also (1970) U.S.Code Cong. and Admin. News, page 3479. Congress was saying at the same time, therefore, that it would not use public monies to pay wage claims filed against non-appropriated fund instrumentalities, other than Post Exchanges probably because the likelihood of prompt reimbursement was not as secure as the Government would like.

With this backdrop we return to a discussion of the case at bar and point out that this action, involving a non-appropriated fund instrumentality other than a Post Exchange (namely an Open Mess. See *Swiff*, supra, 443 F.2d p. 1143), is: (1) not an action brought against the United States, but one brought instead against the non-appropriated fund instrumentality itself; and (2) not an action brought under the Tucker Act, Title 28, United States Code, Section 1346(a)(2), but is instead an action to recover wages under the Fair Labor Standards Act, Title 29, United States Code, Section 218(b)(2).

These two factors distinguish the case at bar from Swiff Train v. United States, supra; Edward Butkievich v. OFFUTT AFB Officers Open Mess (unreported), Civil 71–0–323 decided 18th of October 1971 (submitted by defendant), and from Fenton and Renders v. The United States, Court of Claims, No. 176–72, Motion to Dismiss filed June 20, 1972, (also submitted by defendant); *Swiff Train* and *Fenton-Renders* involved actions against the United States. The case at bar does not. *Butkievich* although naming as defendant the Officers Open Mess (as is done in the case at bar), apparently seeks to recover from the United States because his action is brought under the Tucker Act,

Title 28, United States Code, Section 1346(a)(2). The present case involves a claim for relief under the Fair Labor Standards Act, Title 29, United States Code, Section 218(b)(2), and plaintiffs are seeking recovery from the non-appropriated fund instrumentality herein involved itself.

Having, we think, placed this case in the proper perspective, the next crucial question we must face involves whether Section 218(b)(2) of the Fair Labor Standards Act permits a wage claim against, not only the particular non-appropriated fund instrumentality herein involved, but for that matter any such instrumentality. Absent the impediment which we heretofore felt *Swiff* and like cases had created, and upon a consideration of the legislative history behind Section 218(b)(2) together with the interpretation of that history's language rendered by the Courts, we feel that Section 218(b)(2) was enacted to provide specifically a right, on the part of employees of non-appropriated fund instrumentalities, to claim wages from their employer commensurate with those rates set up in the Fair Labor Standards Act. Title 29, United States Code, Section 206(b) and Section 207(a)(1).

The legislative history behind Section 218(b)(2) reads:

"In an amendment to section 18 of the act it is provided that certain Federal wage board employees, employees of naval facilities whose wages are established to conform with those in the immediate vicinity, and employees in nonappropriated fund instrumentalities of the Armed Forces; e. g., post exchanges, *must* be paid basic compensation at a rate not less than the rate provided in section 6(a) (1) of the act (6(b) rates for employment in the Canal Zone) and also *must* be paid for overtime work at a rate not less than that specified in section 7(a) of the act. Since this amendment is not subject to any other provisions of the act, the industry committee procedures of section 6(c) of the act will not be applicable with

respect to Federal employees employed in Puerto Rico or the Virgin Islands." (emphasis added) (1966) U.S.Code Cong. and Admin.News, p. 3036.

This language has been interpreted to mean, not simply "a measure of the minimum compensation to be paid non-appropriated fund employees under the Fair Labor Standards Act" as we stated in our January 25 order, but instead a "required payment of Fair Labor Standards Act minimum wage and overtime rates to 'certain Federal wage board employees and employees in non-appropriated fund instrumentalities of the Armed Forces . . .'" Carter v. Panama Canal Company (1972), 150 U.S. App.D.C. 198 at pages 205–206, 463 F.2d 1289 at pages 1296–1297.

We feel in view of the foregoing that Section 218(b)(2) is designed to allow wage claims against non-appropriated fund instrumentalities such as the defendant herein, and that cases like *Swiff*, supra, involving claims against the United States under the Tucker Act, cannot be used to block what appears to be a clear legislative intent in favor of affording such relief.

Certainly, our present position seems much more correct than to apply a clearly distinguishable case (*Swiff*) to the case at bar and then say that Section 218(b)(2) involves nothing more than Congress granting a right without a remedy.

Judge Whitaker in his dissenting opinion in Borden v. United States, stated that he did not feel a right of action existed against non-appropriated fund instrumentalities unless the Congress so authorized, supra, 116 F.Supp., at page 879. We feel that Section 218(b)(2) of the Fair Labor Standards Act represents such authorization, and that therefore, it permits specifically a wage claim against the Senior Officers Open Mess, the defendant herein.

In view of the foregoing, our order of January 25, 1973 granting defendants' motion to dismiss is hereby vacated and defendants' motion to dismiss is hereby denied.

It is so ordered.

## ORDER

Non-appropriated fund instrumentalities operate with their own funds and the Government assumes none of their financial obligations. Nevertheless, they are considered arms of the United States Government and as such, enjoy government immunity from suit. Standard Oil Co. v. Johnson, 316 U.S. 481 at 485, 62 S.Ct. 1168, 86 L.Ed. 1611 (1941).

But Congress passed Section 218(b)(2) of the Fair Labor Standards Act, Title 29, United States Code, Section 218(b)(2), and thereby waived government immunity regarding wage claims brought in the Federal Court against the government instrumentalities per se. At least, we held so in our Order of June 12, 1973, and the government asks us to reconsider.

The thrust of defendants' argument is that irrespective of the fact that the plaintiffs denominated this as a suit against the Senior Petty Officers Mess (Open), the authorities will not permit any other conclusion than that a claim against a non-appropriated fund instrumentality of the United States is in fact a claim against the United States.

The authorities cited by the government are not entirely apposite as: Standard Oil Co. v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611; United States v. Forfari, 9 Cir., 268 F.2d 29; Brethauer v. United States, 8 Cir., 333 F.2d 302; United States v. Howell, 9 Cir., 318 F.2d 162; Rizzuto v. United States, 298 F.2d 748; United States v. Holcombe, 4 Cir., 277 F.2d 143 and Daniels v. Chanute Air Force Base Exchange, D.C., 127 F.Supp. 920, all antedate passage of Section 218(b)(2) and, therefore, do not deal with the partial government waiver we feel Congress intended said Section to mean.

Swiff Train Co. v. United States, 5 Cir., 443 F.2d 1140, cited by the government postdates passage of Section 218(b)

(2) but does not involve it as the action there was against the United States under the Tucker Act, Title 28, United States Code, Section 1346(a)(2). The case at bar deals with a wage claim brought against the instrumentality itself. While non-appropriated fund instrumentalities remain arms of the United States Government they are disengaged and stand alone without government immunity when wage claims are brought against them under Section 218 (b)(2) of the Fair Labor Standards Act.

We are not persuaded by any arguments presented by either side that Congress intended anything else when it passed Section 218(b)(2).

Wherefore, the motion for reconsideration should be and is hereby denied.

It is so ordered.