**Romulo G. RODRIGUEZ et al., Plaintiffs,**

v.

**Donald A. GAYLORD et al., Defendants.**

**Civ. No. 74–270.**

United States District Court, D. Hawaii.

March 18, 1977.

---

Joseph M. Gedan, Honolulu, Hawaii, for plaintiffs.

Howard T. Chang, Asst. U. S. Atty., Honolulu, Hawaii, for defendants.

## DECISION AND ORDER

WONG, District Judge.

## FACTS

On October 25, 1974, a complaint was filed in this court asserting a class action by employees of non-appropriated fund activities (NAFAs) of the Armed Forces of the United States. The two-count complaint charges that (1) plaintiffs were paid less than the Guam minimum wage in violation of §§ 46015 and 46003(3) of Title XLII of the Guam Code, 29 U.S.C. § 218(b)(2), and § 2 of Art. 3 of the Offshore Labor Agreement between the United States and the Republic of the Philippines, December 28, 1968, and that (2) plaintiffs were paid less than the federal minimum wage in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206.

Jurisdiction is alleged under 28 U.S.C. §§ 1337 and 1346(a)(2); 29 U.S.C. §§ 203(e)(2)(A)(iv), 216(b), and 218(b)(2); and Rules 23 and 23.2 of the Fed.R.Civ.P.

On May 23, 1975, defendants filed a motion to dismiss and a motion for summary judgment. The motion to dismiss asserted that plaintiffs failed to state a claim under the FLSA since no plaintiff had filed a written consent to be a party plaintiff under 29 U.S.C. § 216(b).

The consents of persons to be included as party plaintiffs were filed on June 9, 1975, and plaintiffs filed their first amended complaint adding as additional party plaintiffs persons named in Exhibits A and B to the amended complaint.

On December 16, 1976, defendants' motion for summary judgment having been continued, plaintiffs filed a cross motion for partial summary judgment on the question of the application of the federal and Guamanian minimum wage laws to NAFAs. A response was filed by defendants reasserting their position with respect to summary judgment.

## DISCUSSION

### Jucisdiction

Although plaintiffs have alleged jurisdiction under several statutes and rules, the only bases for jurisdiction are 28 U.S.C. §§ 1337 and 1346(a)(2).

The defendants argue that sovereign immunity bars suit against all defendants except defendant Navy Exchange since the 1970 amendment to 28 U.S.C. § 1346(a)(2) expressly includes implied or express contracts only with military exchanges in the

waiver of immunity. In support of this argument, defendants cite *Bramlett v. Desobry,* 490 F.2d 405 (6th Cir. 1974) where the court held sovereign immunity barred a contract action by a dismissed NAFA employee.

Notwithstanding the provision for implied or express contract, this court has jurisdiction under 28 U.S.C. § 1346(a)(2) of "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon . . . any Act of Congress." This is an action brought under the FLSA and, therefore, this court has jurisdiction under 28 U.S.C. §§ 1337 and 1346(a)(2).

*Federal Minimum Wage*

The defendants concede that they are required by 29 U.S.C. § 218(b)(2), effective February 1, 1967, to pay the federal minimum wage, and they contend that they have paid the minimum wage since November 1966. 29 U.S.C. § 203(m) of the FLSA states that

> "Wage" paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees. . . .

The defendants state that they will pay the minimum wage to any plaintiff who can show that such wage was not paid. Thus, the only issue is whether the Guam minimum wage is applicable to employees of NAFAs.

*Guam Minimum Wage*

■ Guam is an unincorporated territory of the United States, and its government has only those powers conferred by Congress. 48 U.S.C. § 1421a. The power of the Guam legislature is defined by 48 U.S.C. § 1423a:

> The legislative power of Guam shall extend to all subjects of local application not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam.

The Guam legislature has passed a Minimum Wage and Hour Act. Section 46003(3) of that Act provided that an "employer" included

> . . . any individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons, acting directly or indirectly in the interest of an employer in relation to an employee, *but shall not include the Government of Guam or the United States Government.* (Emphasis added.)

However, that section was amended, effective September 1, 1972, to provide that

> *"Employer" includes* any individual, partnership, association, corporation, business trust, legal representative, *government entity or instrumentality,* or any organized group of persons, acting directly or indirectly in the interest of an employer in relation to an employee, *but shall not include the United States Government, except when engaged in nonappropriated fund activities.* (Emphasis added.)

Thus, the question is whether § 46003(3), as amended, of the Guam Code conflicts with 29 U.S.C. § 218(b)(2), and is therefore invalid under the Supremacy Clause of the Constitution of the United States.

*Sovereign Immunity*

In 1966, 29 U.S.C. § 218(b)(2) was added to the FLSA to provide that

> Notwithstanding any other provision of this chapter (other than section 213(f) of this title) or any other law—

> .  .  .  .  .

> (2) any employee employed in a non-appropriated fund instrumentality under the jurisdiction of the Armed Forces, shall have his basic compensation fixed or adjusted at a wage rate that is not less than the appropriate wage rate provided for in section 206(a)(1) of this title  .  . and shall have his overtime compensation set at an hourly rate not less than the overtime rate provided for in section 207(a)(1) of this title.

29 U.S.C. § 203(d) was amended, effective May 1, 1974, to include the United States and States or their political subdivisions thereof within the definition of "employer." At that time, 29 U.S.C. § 216(b) was also amended to provide for actions against public agencies.

The defendants had argued that under *Employees of the Department of Public Health and Welfare, et al. v. Missouri, et al.,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), sovereign immunity was not waived until § 216(b) of the Act was amended in 1974 to include public agencies. Thus, they contended that § 218(b)(2) only created a right. Since defendants have agreed to pay the federal minimum wage from November 1966, it is assumed that they have withdrawn this argument.

*Missouri* involved an "except" clause added in 1966 to the definition of employer in § 203 to include a state or political subdivision thereof with respect to state employees in a hospital, institution, or school. State employees sued the State to recover overtime compensation due them under § 16(b) of the FLSA. The Supreme Court found that

> By reason of the literal language of the present Act, Missouri and the departments joined as defendants are constitutionally covered by the Act, . . . . There is no doubt that Congress desired to bring under the Act employees of hospitals and related institutions. . . . But § 16(b) remained the same.

411 U.S. at 283, 93 S.Ct. at 1617.

The Court held that since § 16(b) was not changed, Congress had not deprived Missouri of her constitutional immunity. 411 U.S. at 285, 93 S.Ct. at 1618.

However, this did not mean that plaintiffs were without remedy. As the Court said

> By holding that Congress did not lift the sovereign immunity of the States under the FLSA, we do not make the extension of coverage to State employees meaningless. . . . Section 16(c) gives the Secretary of Labor authority to bring suit for unpaid minimum wages or unpaid overtime compensation under the FLSA. Once the Secretary acts under § 16(c), the right of any employee or employees to sue under § 16(b) terminates.

411 U.S. at 285–6, 93 S.Ct. at 1618.

■ The question that arises is whether § 218(b)(2) constitutes a waiver of sovereign immunity notwithstanding the failure to waive immunity under § 216(b) prior to 1974. This issue was addressed by the District Court for the District of Puerto Rico in *Morales, et al. v. Senior Petty Officers' Mess, et al.,* D.C., 366 F.Supp. 1305 (1973). There the court vacated its order holding that § 218(b) did not constitute an express waiver of immunity and held that "Section 218(b) is designed to allow wage claims against non-appropriated fund instrumentalities . . . ." 366 F.Supp. at 1308.

In view of the language of the statute, *Morales, supra,* and the defendants' position with respect to § 218(b)(2) at the hearing, this court holds that 29 U.S.C. § 218(b)(2) constitutes a waiver of sovereign immunity.

■ The next question is whether or not prior to May 1, 1974, the FLSA required that NAFAs pay the Guam minimum wage, which was then higher than the federal minimum wage law.

At the outset, it is clear that 29 U.S.C. § 218(b)(2) only requires payment of the federal minimum wage. Plaintiffs' argument that the words "not less" in § 218(b)(2) refer to state minimum wages is groundless.

Plaintiffs further argue that § 218(a) requires that NAFAs pay the Guam minimum wage. That section provides that

> No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or, a maximum workweek lower than the maximum workweek established under this chapter, . . . .

They point out that "State" is defined in § 203 to include "any Territory or posses-

sion of the United States," but the cases cited are not on point. Defendants agree that when Congress redefined "employer" to include the federal government and provided for actions against the United States, effective May 1, 1974, they were bound by the Guam minimum wage under § 218(a). Prior to that date, however, NAFAs' obligation to pay minimum wages was circumscribed by § 218(b)(2). That section specifically provides that NAFA employees are to be paid in accordance with § 206(a)(1) and § 207(a)(1). Neither of these provisions refers to State wage laws. Furthermore, waivers of sovereign immunity should be narrowly construed. Therefore, § 218(b)(2) is a limited waiver of sovereign immunity, and prior to May 1, 1974, defendants did not have to pay the Guam minimum wage under the FLSA.

*Supremacy Clause*

■ When Guam passed § 46003(3) of Title XLII, effective September 1, 1972, a conflict arose between territorial and federal law. The defendants argue that under the Supremacy Clause of the Constitutions, § 46003(3) is invalid. In support of their argument, defendants cite *Public Util. Comm'n of California v. United States,* 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958) and *United States v. Georgia Public Service Comm'n,* 371 U.S. 285, 287, 83 S.Ct. 397, 399, 9 L.Ed.2d 317 (1963).

In *Public Util. Comm'n,* California enacted a statute which provided that common carriers must get commission approval before transporting United States property at lower negotiated rates. Federal regulations provided for a policy of negotiating rates for shipment of federal property. The Court held that the statute was invalid under the Supremacy Clause.

*Georgia Public Service* involved a Georgia law requiring that charges for transport of household goods be calculated for individual families. The General Services Administration sought competitive bidding for mass shipment of the household goods of civilian employees of the federal government intrastate pursuant to federal policy to negotiate

rates. The district court distinguished this case from *Public Util. Comm'n, supra,* on the ground that nongovernment property was involved. The Supreme Court found this distinction untenable and held that the state policy must give way.

In short, defendants argue that the United States, its agencies and instrumentalities are subject to the Guam minimum wage only at Congress' direction.

In response to defendants' Supremacy Clause argument, plaintiffs cite *Standard Oil Co. v. Johnson,* 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942); *Penn Dairies v. Milk Control Comm'n,* 318 U.S. 261, 63 S.Ct. 617, 87 L.Ed. 748 (1943); and *Paul v. United States,* 371 U.S. 245, 83 S.Ct. 426, 9 L.Ed.2d 292 (1963). None of these cases support plaintiffs' position. In fact, *Standard Oil* directly supports defendants' argument. In *Standard Oil,* the Supreme Court struck down a California statute which provided for taxation of gasoline sold to the United States Army Post Exchanges in California. The Court said

. . . we conclude that post exchanges as now operated are arms of the government deemed by it essential for the performance of governmental functions. They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes.

316 U.S. at 485, 62 S.Ct. at 1170.

Thus, it is clear that § 46003(3) of the Guam Code is invalid under the Supremacy Clause of the Constitution.

*Treaty*

■ The plaintiffs claim that under the Offshore Labor Agreement, Dec. 28, 1968, United States-Philippines, 19 U.S.T. 7560, T.I.A.S. No. 6598, the United States is bound to pay employees in nonappropriated fund instrumentalities the Guam minimum wage. This agreement covers the "recruitment and employment of Philippine citizens by the United States Military Forces and contractors of military and civilian agencies of the United States government in certain

areas of the Pacific and Southeast Asia." (Heading of Agreement).

Article II of the agreement prescribes recruitment and employment standards. Section 1(a) provides that

Employers and contractors may recruit for offshore employment in conformity with Philippine laws and regulations. Employees shall be hired on terms conforming to this Agreement and applicable laws and regulations of the Philippines and the *place of employment.* (Emphasis added.)

The plaintiffs argue that the phrase "place of employment" means that the government agreed to pay the Guam minimum wage. This argument ignores § 6 of Art. II, which specifically deals with wages. Section 6 provides that

*Minimum basic wage:* The currently established practice in determining minimum basic wages for employees in offshore employment by U.S. Military Forces shall be maintained for present employees and for those employed after the entry into force of this Agreement.

Since § 46003(3), as it applies to NAFAs, was not in effect until September 1, 1972, §§ 1(a) and 6 of Art. II could only refer to the federal minimum wage, § 218(b)(2), which was in effect at the time the agreement was entered into.

*Conclusion*

Having carefully considered the arguments and authorities submitted by the respective parties in their memoranda, this Court orders that for the reasons cited above, plaintiffs' motion for summary judgment is hereby DENIED, and defendants' motion for summary judgment is hereby GRANTED IN PART. Summary judgment on the issue of damages is reserved.

Defendants have agreed to pay the federal minimum wage to any plaintiff who can demonstrate that he did not receive such wage. However, there may be factual issues in dispute with respect to whether or not each plaintiff was paid the federal minimum wage since February 1, 1967 and how much is owing and due. If the parties cannot settle any claims, leave of court is granted to apply for judgment.