**Angel M. COSME–NIEVES, et al., Plaintiffs,**

**v.**

**COLONEL ROBERT C. DESHLER, CO., Fort Buchanan, et al., Defendants.**

**Civ. No. 83–0196(PG).**

United States District Court, D. Puerto Rico.

Jan. 8, 1985.

Samuel C. Vázquez Matías, San Juan, P.R. & Hector L. Marquez, Hato Rey, P.R., for plaintiffs.

Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Present before the Court is defendants' motion to dismiss the claims of plaintiffs Angel M. Cosme-Nieves, Secundino Machado, Tomás García, and Lorraine Gorski, non-appropriated fund employees of the Fort Buchanan Installation Club System.

Plaintiffs commenced this action in the Superior Court of Puerto Rico, San Juan Part, on October 13, 1982. They seek to recover allegedly unpaid wages in the amount of $58,508.66 and liquidated damages in an equal amount. Plaintiffs also seek an unspecified amount in interest, costs, expenses and attorney's fees. Plaintiffs base their claims on the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (hereafter "FLSA") and all laws of the Commonwealth of Puerto Rico providing greater benefits to employees. The defendants are Robert C. Deshler, Commanding Officer, Fort Buchanan; Colonel Clarence H. Wolliver, Commanding Officer, Fort McPherson, Georgia; the Fort Buchanan Installation Club System, a non-appropriated fund instrumentality of the Government of the United States and the Non-Commissioned Officer's Open Mess and Officer's Open Mess, both subdivisions of the Installation Club System.[1]

---

1. Since the inception of this suit, Colonel Deshler and Colonel Wolliver have been reassigned from their respective duty positions. They were both named as defendants in their official capacities.

On February 4, 1983, the defendants filed a Petition removing the case to this Court. On February 15, 1983, plaintiffs, by motion, requested remand to the Commonwealth Court. The Court denied plaintiffs' request to remand.[2] 561 F.Supp. 1173.

Plaintiffs base this action on 29 U.S.C. § 218,[3] 29 U.S.C. § 216(b)[4] and the "more beneficial" laws of Puerto Rico.[5] The government moves to dismiss this action on the grounds that plaintiffs fail to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction.[6]

The government alleges that plaintiffs have failed to state a claim upon which relief may be granted for two reasons. First, the government submits that plaintiffs have failed to name a proper defendant. Second, the government challenges the applicability of the "more beneficial" laws of the Commonwealth of Puerto Rico concerning overtime compensation.

Both plaintiffs and the government agree that the proper defendant is the employer. The critical question is who is the employer under the FLSA. Plaintiffs repeatedly argue that under the FLSA, they have the option of choosing either the United States or the non-appropriated fund in-

2. Plaintiffs sought a Writ of *Mandamus* or *Certiorari* from the United States Court of Appeals for the First Circuit to reverse the decision not to remand. It was denied. (1st Cir. August 22, 1983) (No. 83–1351). Plaintiffs requested the First Circuit to reconsider its decision, which was also denied. (1st Cir. October 7, 1983) (No. 83–1351).

3. 29 U.S.C. § 218 provides:
(a) No provision if this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter.
(b) Notwithstanding any other provision of this chapter (other than section 213(f) of this title) or any other law—
(1) any Federal employee in the Canal Zone engaged in employment of the kind described in section 5102(c)(7) of Title 5, or
(2) any employee employed in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces, shall have his basic compensation fixed or adjusted at a wage rate that is not less than the appropriate wage rate provided for in section 206(a)(1) of this title (except that the wage rate provided

for in section 206(b) of this title shall apply to any employee who performed services during the workweek in a work place within the Canal Zone), and shall have his overtime compensation hourly rate not less than the overtime rate provided for in section 207(a)(1) of this title.

4. 29 U.S.C. § 216(b) provides:
Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

5. The "more beneficial" laws which plaintiffs submit are applicable are 29 L.P.R.A. §§ 273, 274.

6. In the alternative, the government contends that the statute of limitations as found in 29 U.S.C. § 255, barred all claims prior to October 13, 1980. Plaintiffs submit that there is a ten-year statute of limitations under 29 L.P.R.A. § 246d(a)–(e). This issue need not be addressed in light of the Court's decision.

strumentality, the Installation Club System, as the defendant. Plaintiffs also argue that the United States cannot be the defendant in this case. These diverse positions are inherently contradictory and not credible.

It is absolutely contradictory for plaintiffs to assert that under the same statutory provision the United States can and cannot be the employer and a proper defendant. Additionally, adding to the contradiction, plaintiffs further assert that the Installation Club System is also the employer under the FLSA. This means that plaintiffs had separate employers while performing identical duties and receiving one paycheck. This is not realistically or logically supportable.

Plaintiffs contend that this Court's decision in *Morales v. Senior Petty Officer's Mess*, 366 F.Supp. 1305 (D.P.R.1973), supports the position that the Installation Club System is the proper defendant. Plaintiffs' reliance on *Morales* is clearly misplaced. Plaintiffs' action here is based on 29 U.S.C. § 218(a). The Court in *Morales* was only concerned with 29 U.S.C. § 218(b)(2) and whether the United States had waived sovereign immunity for non-appropriated fund instrumentalities of the Armed Forces. More significantly, when *Morales* was decided in 1973, the United States was specifically excluded from the definition of the term "employer" under 29 U.S.C. § 203(d). Unquestionably, the 1974 amendments to the FLSA include the Government of the United States within the definition of "employer".

■ Under the FLSA, non-appropriated fund employees are employees of the Government of the United States. The plain language of 29 U.S.C. § 203(e) cannot be interpreted otherwise.[7] The United States as the employer is the proper defendant. Plaintiffs have failed to name the United States as the defendant.

■ The government has also presented two exhibits with its Motion to Dismiss. These exhibits are letters from the Department of Labor and Human Resources for the Commonwealth of Puerto Rico concerning the applicability of Act No. 379 of 1948 and the mandatory decrees promulgated by the Minimum Wage Board under the authority of Act No. 96 of 1956 (Minimum Wage Law).[8] In both letters, it was the Department of Labor and Human Resources' position that the aforementioned Acts are not applicable to federal employees in Puerto Rico. The provisions of the laws of the Commonwealth of Puerto Rico concerning minimum wages specifically exclude persons employed by the Government of the United States and the Commonwealth of Puerto Rico.[9] Act No. 379, which contains the provisions establishing overtime and rates of overtime compensation, excludes employees of the Commonwealth Government and other governmental bodies.[10] When the Commonwealth

**7.** 29 U.S.C. § 203(e) provides in part:
(e)(1) Except as provided in paragraphs (2) and (3), the term "employee" means any individual employed by an employer.
(2) In the case of an individual employed by a public agency, such term means—
(A) any individual employed by the Government of the United States—
(i) as a civilian in the military departments (as defined in section 102 of Title 5),
(ii) in any executive agency (as defined in section 105 of such title),
(iii) in any unit of the legislative or judicial branch of the Government which has positions in the competitive service,
(iv) in a nonappropriated fund instrumentality under the jurisdiction of the Armed Forces, or
(v) in the Library of Congress;

**8.** The first letter is dated July 23, 1980, and is signed by the then Secretary for the Department of Labor and Human Resources, Carlos S. Quirós. The second letter is dated June 4, 1984, and is signed by Julio Cruz Rodríguez for the Solicitor of Labor.

**9.** 29 L.P.R.A. § 246e provides in part:
(a) *This act shall not apply to:*
(1) ...
(2) *Persons employed by the Government of the United States of America* or by the Government of the Commonwealth of Puerto Rico, with the exception of those agencies or instrumentalities of the latter which operate as private businesses or enterprises; ...

**10.** 29 L.P.R.A. § 285 provides in part:
The provisions of this Act shall not apply to the employees of the Commonwealth Govern-

Government excludes itself and other entities from the application of Act No. 379 and twice expresses the opinion that Act No. 379 does not apply to federal employees, there is no justifiable basis for plaintiffs' assertion that the so-called "more beneficial" laws apply to federal employees. A responsible reading of the "more beneficial" laws, buttressed by the unequivocal opinion of the Department of Labor and Human Resources, leads the Court to the inescapable conclusion that plaintiffs do not have a cause of action under 29 U.S.C. § 218(a).

■ The government also contends that the Court lacks subject matter jurisdiction because the proper jurisdictional basis for this action is the Tucker Act, 28 U.S.C. § 1346(a)(2).[11] This Court agrees.

As previously addressed, the proper defendant is the Government of the United States. Each plaintiff's claim is in excess of $10,000 in backpay and damages. Plaintiffs admit that this case arises under an Act of Congress. The Court's jurisdiction is limited under 28 U.S.C. § 1346(a)(2) to claims not exceeding $10,000 in amount.

The United States Claims Court, under 28 U.S.C. § 1491, has exclusive jurisdiction over all non-tort claims against the United States for money damages in excess of $10,000. *Graham v. Henegar*, 640 F.2d 732, 734, nn. 5, 6 (5th Cir.1981). It should be noted that plaintiffs admit the United States Claims Court has exclusive jurisdiction if plaintiffs "elected" to choose the United States as the defendant.[12] It is

particularly disturbing that plaintiffs' counsel have extensively engaged the resources of the Court on the baseless conception that under the same statute plaintiffs can "elect" both defendants and forums.

In view of the above, the Court ORDERS that the Government's motion be and is hereby GRANTED and that this action be and is hereby DISMISSED.

The Court FURTHER ORDERS costs against plaintiffs.

IT IS SO ORDERED.

---

ment, the Municipal governments, the Government of the Capital, or of the agencies or instrumentalities of said governments, excepting such agencies or instrumentalities as are devoted to agricultural, industrial, commercial or public-service enterprises.

**11.** 28 U.S.C. § 1346(a) provides in pertinent part:
> (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
>  (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any ex-

press or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort...

**12.** Plaintiffs' state in their voluminous opposing brief, at pp. 42, 43:
> Should the employees elect this option [suit against the United States]; then, they [plaintiffs] would be required to file with the Court of Claims. *This is an option which plaintiffs did not elect for obvious* reasons.

Plaintiffs' counsel also asserted that they did not sue the United States because they were not inclined or willing to do so. Such a cavalier attitude in bringing judicial actions is totally unacceptable.